CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 3, 2019

LETTER TO COUNSEL

      RE:    *Dale M. v. Commissioner, Social Security Administration*;
                Civil No. SAG-18-3915

Dear Counsel:

On December 19, 2018, Plaintiff Dale M. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for disability benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 12, 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claims for benefits on April 13, 2016, alleging disability beginning November 13, 2013.[1] Tr. 198-208. His claims were denied initially and on reconsideration. Tr. 66-105. A hearing was held on October 31, 2017, before an Administrative Law Judge ("ALJ"). Tr. 36-65. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 17-30. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1-8, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that, during the relevant period, Plaintiff suffered from the severe impairments of "post-traumatic subtalar arthrosis with ankle instability and perineal tendonitis, status-post fusion; rheumatoid disease; and degenerative changes of the right wrist." Tr. 20. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

---

[1] Plaintiff correctly notes that the ALJ erroneously stated that Plaintiff's date last insured is September 30, 2013, when the correct date should be September 30, 2014. *Compare* Tr. 19 *with* Tr. 215. The error is immaterial, because Plaintiff also applied for Supplemental Security Income, and the ALJ considered the entire relevant period between the alleged onset date and the date of the opinion. Moreover, the arguments Plaintiff makes in his brief, even if meritorious, would pertain to a period well after September 30, 2014, because Plaintiff did not get a diagnosis of rheumatoid arthritis until more than one year later. *See, e.g.,* Tr. 298, 311.

perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can stand and walk for four hours and he can sit for six hours. He can occasionally stoop, crouch, kneel, and crawl. He can occasionally climb stairs and ramps, but cannot climb ladders, ropes, or scaffolds. He can frequently handle and finger bilaterally. He needs to avoid concentrated exposure to hazards including heights and heavy machinery, and he needs to avoid concentrated exposure to cold weather extremes and humidity.

Tr. 24. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform any of his past relevant work, but that he could perform other jobs requiring unskilled sedentary exertion and available in significant numbers in the national economy. Tr. 27-29. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 29.

In support of his appeal, Plaintiff advances two primary arguments: (1) that the ALJ erred by relying on VE testimony that conflicts with Social Security Ruling ("SSR") 96-9p, ECF 12-1 at 6-7; and (2) that the ALJ erred in assigning weight to the medical opinion evidence, *id.* at 7-8. Each argument lacks merit for the reasons discussed below.

First, Plaintiff asserts that the ALJ should have found an apparent conflict between the VE's testimony and SSR 96-9p, which states that "[a]ny *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base." ECF 12-1 at 6-7 (quoting SSR 96-9p) (emphasis in original). The VE in this case testified that a limitation to "occasional" handling and fingering would eliminate all jobs, but identified several hypothetical jobs that could be performed by a claimant who could finger and handle "frequently" with both hands. Tr. 61-62. Plaintiff posits, "It is hard to imagine a hypothetical packer, sorter or assembler not handling or fingering with either hand for half of the workday." ECF 12-1 at 6. However, the relevant criteria is not established by speculation about a job's requirements, but by the Dictionary of Occupational Titles ("DOT"), which provides that those jobs require only frequent, not constant, handling and fingering. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles*, §§ 237.367-046, 669.687-014, 732.684-062, 737.587-010 (4th ed. 1991). SSR 96-9p speaks in terms of "significant limitation," and does not place that term on a spectrum including occasional, frequent, or constant performance of manipulative tasks. Moreover, SSR 96-9p addresses the sedentary occupational base, whereas Plaintiff was limited to light work. There is, therefore, no basis for finding a conflict between SSR 96-9p and the VE's testimony in this case. The hypothetical proffered to the VE suggested an ability to frequently handle and finger bilaterally, and the VE identified jobs meeting that criteria, in accordance with DOT requirements.

Plaintiff's second argument is that the ALJ erred in assigning weight to the medical opinion evidence. ECF 12-1 at 7-8. First, Plaintiff discounts the fact that the non-examining State agency medical consultant found no manipulative limitations, Tr. 90, in asserting that there are only "two opinions in the record, [Plaintiff's] treating physician and the ALJ's lay medical opinion." ECF 12-1 at 7. The ALJ assigned "some weight" to the opinion of the State agency medical consultant. Tr. 26. Second, the ALJ did not rely exclusively on the opinion of the State agency medical

consultant to discount disabling manipulative limitations. The ALJ also relied upon the extended gaps in Plaintiff's medical treatment, the improvements in his condition when treated, and his activities of daily living, "including caring for a baby, helping with cooking, cleaning, and playing poker," which the ALJ found "inconsistent with an inability to frequently handle and finger." Tr. 27. Finally, the ALJ appropriately assigned "only some weight" to the three similar opinions authored by Plaintiff's treating physician, Dr. Reddy. Tr. 26-27. The ALJ correctly noted that Dr. Reddy's opinions suggest extreme limitations in almost every area of functioning, which is inconsistent with Plaintiff's own reports of his activities of daily living and with Dr. Reddy's own treatment notes. Tr. 25-27. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ supported her conclusions with substantial evidence, and remand is unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 12, is DENIED, and Defendant's Motion for Summary Judgment, ECF 13, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge